NELSON *vs.* BONNER, guardian.

In view of the rule touching incomplete contracts, laid down by this court in this same case on a former writ of error, there was no error in granting a new trial on the evidence contained in the record.

New trial. Before Judge PATE. Twiggs Superior Court. September Term, 1877.

Upon the second trial of this case, the jury again found in favor of the security, Nelson. The court, on motion of plaintiff, ordered a new trial, and Nelson excepted. See same case in 57 *Ga. Rep.*, 433. Any further report is unnecessary.

JOHN RUTHERFORD; S. HALL, for plaintiff in error.

WHITTLE & WHITTLE; R. F. LYON; G. W. GUSTIN, for defendant.

BLECKLEY, Judge.

This case, on a former writ of error, is reported in 57 *Ga.*, 433. According to the evidence, Woodall was not entrusted by Bonner with any message to Nelson, nor did he deliver any, as purporting to come through him from Bonner. Nelson made no inquiry as to what Bonner had said, or as to what he desired. In signing the note and entrusting Woodall with it for delivery, Nelson named no condition. He merely inquired if the old note had been taken up; and Woodall promised that he would take it up before delivering the new one. Nelson did not ask if Reynolds was to sign. He saw that he had not signed. If he expected the signature of Reynolds, why did he not show as much concern about that as about taking up the old note? Woodall acted as if he understood that Nelson was willing to be the sole surety. He went to Bonner and offered the note in its then condition. Why did he so act if he did not think it was consistent with the expectation of Nelson?

The presiding judge committed no error in granting a new trial. On the facts in evidence, Woodall had authority to deliver the note, and Nelson was bound. Such is the true law of the transaction.

Judgment affirmed.